# Exhibit A

Case 1:25-cv-00094-SDG   Document 1-1   Filed 01/08/25   Page 2 of 16

State Court of Fulton County
**E-FILED**
24EV007592
8/26/2024 3:30 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ROBERT GORDON,<br><br>   Plaintiff,<br><br>v.<br><br>BRENTWOOD INVESTMENT GROUP, LLC<br>and<br>SDGA ADAMS PARK, LLC,<br><br>   Defendants. | )<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO.<br>)<br>)<br>) **JURY TRIAL OF TWELVE**<br>) **(12) DEMANDED**<br>)<br>) |

**COMPLAINT FOR DAMAGES**

COMES NOW, ROBERT GORDON, Plaintiff in the above-styled action, and hereby files this Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Mr. Gordon is a citizen of the state of Georgia and resides at 2008 Joseph E. Boone Blvd NW, Atlanta GA 30314.

2.

Defendant BRENTWOOD INVESTMENT GROUP, LLC (hereinafter referred to as Defendant BRENTWOOD) is a domestic limited liability company licensed to do business in the state of Georgia and transacts business in Fulton County, Georgia, and therefore is subject to the jurisdiction of this Court.

3.

Defendant BRENTWOOD may be served through its registered agent, Joseph H. Beasley, at 315 West Ponce De Leon Avenue, Suite 475, Decatur GA 30030.

4.

Jurisdiction is proper as to Defendant BRENTWOOD.

5.

Defendant SDGA ADAMS PARK, LLC (hereinafter referred to as Defendant SDGA) is a registered as a domestic limited liability company licensed to do business in the state of Georgia and transacts business in Fulton County, Georgia, and therefore is subject to the jurisdiction of this Court.

6.

Defendant SDGA may be served through its registered agent, Georgia Registered Agent LLC, at 8735 Dunwoody Place, Suite 6, Atlanta GA 30350.

7.

Jurisdiction is proper as to Defendant SDGA.

8.

The causes of action at issue in this case occurred in Fulton County, Georgia and Defendants have an office and/or transact business in Fulton County, Georgia. Thus, venue is further proper pursuant to O.C.G.A. § 14-2-510(b)(3) and (4).

**STATEMENT OF FACTS**

9.

At all times mentioned herein, Defendants owned, operated, controlled, maintained, and/or managed a complex known as "Grove Adams Park," located at 1991 Delowe Drive SW, Atlanta GA 30311 (hereinafter "the Premises").

10.

At all relevant times to this cause of action, Defendants had supervisory control

over the Premises.

11.

At all relevant times to this cause of action, Defendants had supervisory control and authority over employees, contractors and others at the Premises.

12.

At all relevant times to this cause of action, as part of Defendants' ownership and management duties and responsibilities, Defendants were aware of, and had reasonable opportunity to be aware of, the frequency and types of criminal and unsafe activity occurring on the Premises.

13.

At all relevant times to this cause of action, Defendants had authority and discretion regarding whether and how to take certain measures to provide for the safety and security of invitees on the Premises.

14.

At all relevant times to this cause of action, Defendants did, in fact, exercise their authority and discretion regarding whether and how to take certain measures to provide for the safety and security of invitees to the Premises.

15.

On December 5, 2022, Robert Gordon was an invitee and a lawful invitee on the Premises.

16.

On December 5, 2022, Robert Gordon was visiting his girlfriend, a resident at the complex. The ex-boyfriend of the daughter of this resident entered the complex through

the inoperable controlled access gate, caused a loud and extended argument in the common area parking lot, and then shot multiple times at the apartment, hitting Mr. Gordon four times.

17.

This shooting was committed without necessity, privilege, or consent.

18.

The assailant was negligently allowed to enter the Premises because Defendants failed to implement adequate security to prevent or deter individuals like the assailants from entering, staying at, and/or loitering at the Premises.

19.

Upon information and belief, prior to December 5, 2022, there had been numerous instances of criminal activity on or around the Premises, about which Defendants knew, or by the exercise of reasonable care, should have known, including but not limited to crimes against persons and property on or around the Premises.

20.

Plaintiff was a completely innocent victim and exercised the ordinary care and diligence expected of an invitee at all times herein and under the circumstances then existing.

## COUNT I: NEGLIGENT SECURITY

21.

Plaintiff re-alleges the allegations contained in paragraphs 1 through 20 above, as if fully set forth herein, and state as follows:

22.

At all relevant times, Defendants owed a duty of care to their invitees, including Plaintiff, to keep the Premises safe.

23.

Defendants negligently and grossly negligently failed to keep the Premises safe in breach of their duty of care.

24.

Prior to and on December 5, 2022, the Premises was negligently maintained, inspected, secured, patrolled, and managed. Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol, and manage the Premises, but failed to exercise ordinary care.

25.

Defendants had actual and constructive knowledge prior to the attack on Plaintiff of the need to patrol, secure, inspect, manage, and control access to the Premises and to deter criminal activity from entering or occurring on the Premises, but failed to exercise ordinary care.

26.

Defendants had actual and constructive knowledge of criminal activity existing at the Premises and in the surrounding area prior to the attack on Plaintiff. Said prior criminal activity was negligently permitted to exist and remain at the Premises.

27.

Defendants had actual and constructive knowledge of criminal activity existing at the Premises and in the surrounding area prior to the attack on Plaintiff, but negligently

failed to warn the Plaintiff.

28.

As a direct and proximate result of Defendants' negligent and grossly negligent actions and/or inactions, Plaintiff was shot multiple times, has suffered potentially permanent injury, mental and physical pain and suffering, and will continue to suffer mental and physical pain and suffering in the future, for which Plaintiff sues Defendants.

29.

Defendants are liable to Plaintiff by reason of their failure to remedy the hazardous conditions conducive to criminal activity that persisted, over a period of time and as a continuous and repetitious condition, about which said Defendants had knowledge and an opportunity to abate.

30.

The aforementioned conduct of Defendants showed willful misconduct, malice, wantonness, or that entire want of care which would raise the presumption of a conscious indifference to consequences on the part of Defendants.

31.

There was no operational gate preventing unauthorized individuals from entering the Premises when the attack on Plaintiff occurred.

32.

There was no security guard or other security personnel patrolling the Premises when the attack on Plaintiff occurred.

33.

There were insufficient operational security cameras surveilling the Premises when

the attack on Plaintiff occurred.

34.

Defendants negligently failed to warn their invitees, including Plaintiff, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks at the Premises.

35.

Defendants negligently failed to maintain adequate security devices to permit proper use of the Premises, thereby causing an unreasonable risk of injury to their invitees, including Plaintiff.

36.

At all times mentioned herein, Defendants controlled the management of the Premises, and had the legal duty to keep the Premises in a state consistent with the due regard for the safety of their invitees, including Plaintiff. Defendants breached said duties and failed to act as similarly situated businesses in like circumstances.

37.

Defendants were negligent in failing to maintain, inspect, secure, patrol, and manage the Premises, thereby creating an unreasonable risk of injury to their invitees, including Plaintiff.

38.

As a direct and proximate result of Defendants' negligent and grossly negligent actions and/or inactions, Plaintiff was shot multiple times, has suffered potentially permanent injury, mental and physical pain and suffering, and will continue to suffer mental and physical pain and suffering in the future.

39.

Defendants are guilty of aggravating circumstances as defined by Georgia law which entitles Plaintiff to an award of exemplary damages to deter Defendants from such conduct in the future.

40.

Plaintiff therefore prays for additional exemplary and punitive damages in an amount to be determined by a jury in order to punish Defendants and to deter Defendants from such wrongful conduct in the future.

41.

Defendants have acted in bad faith, been stubbornly litigious and/or has caused Plaintiff unnecessary trouble and expense.

## COUNT II: MAINTAINING A NUISANCE

42.

Plaintiff re-alleges the allegations contained in paragraphs 1 through 41 above, as if fully set forth herein, and state as follows:

43.

Defendants failed to take appropriate action to remedy or reduce the danger to their invitees, including Plaintiff, and allowed the dangerous and hazardous environment on the Premises to continue to exist unabated, thereby creating a nuisance.

44.

Defendants knew of, or with the exercise of due care for the safety of their invitees, should have known of, the dangerous and hazardous conditions existing on the Premises

and the failure to maintain, inspect, secure, patrol, and manage the Premises and that said conditions were likely to result in the injuries suffered by Plaintiff.

45.

Defendants knew of, or with the exercise of due care for the safety of their invitees, should have known of, the ongoing, unabated use of the Premises for criminal activity and the ongoing, unabated presence of persons on or around the Premises for criminal purposes.

46.

Defendants were and are *negligent per se*.

47.

Defendants had constructive knowledge of the dangerous and hazardous conditions existing on the Premises through the knowledge of their employees and agents and due to the prior criminal activity and dangers associated with the Premises and surrounding areas.

48.

Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity and negligently maintained the Premises.

49.

Defendants negligently represented to their invitees that the Premises was properly maintained.

50.

Defendants negligently failed to provide adequate security protection, security personnel, or security presence on the Premises.

51.

As a direct and proximate result of Defendants' negligent and grossly negligent actions and/or inactions, Plaintiff was shot multiple times, has suffered potentially permanent injury, mental and physical pain and suffering, and will continue to suffer mental and physical pain and suffering in the future.

### COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

52.

Plaintiff re-alleges the allegations contained in paragraphs 1 through 51 above, as if fully set forth herein, and states as follows:

53.

As a direct and proximate result of the negligence of Defendants, Plaintiff was the victim of a violent shooting, causing significant fear and apprehension, and permanent mental and emotional trauma.

54.

As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered severe mental and emotional pain, trauma, and distress from experiencing and trying to flee from his attackers, and will incur these damages into the future.

55.

As a direct and proximate result of the negligence of Defendants, Defendants are liable for negligent infliction of emotional distress as determined by an enlightened jury at the trial of this case.

**DAMAGES**

56.

Plaintiff re-alleges the allegations contained in paragraphs 1 through 55 above, as if fully set forth herein, and states as follows:

57.

As a direct and proximate result of the negligence of the Defendants, Plaintiff incurred serious injuries, including, but not limited to laceration of his liver, multiple ballistic puncture wounds, and multiple fractures of ribs. Plaintiff was otherwise injured as a result of the violent shooting.

58.

Defendants were negligent and said negligence proximately caused the injuries to Plaintiff in the following ways including, but not limited to:

A. Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the Premises safe;

B. Violation of O.C.G.A. § 41-1-6 by maintaining a nuisance which tended to injure the health of the citizens;

C. In failing to properly inspect and maintain the Premises;

D. In failing to warn of the latent dangers on the Premises;

E. In failing to implement adequate security measures to prevent or deter crime from occurring at the Premises;

F. In failing to properly train and supervise their employees and/or contractors with regard to the security and safety of the Premises; and

G. In failing to properly retain, entrust, hire, train, and supervise said employees and/or contractors.

H. In failing to maintain proper policies and procedures for the safe maintenance of the Premises.

I. In failing to implement and enforce proper policies and procedures for the safe maintenance of the Premises.

Defendants were otherwise negligent.

59.

As a result of Defendants' negligence, Plaintiff states his intention to seek all special, compensatory, general, incidental, consequential, economic, and other damages permissible under the laws of the State of Georgia, including but not limited to:

1. Personal injuries
2. Pain and suffering
3. Mental anguish, fright, shock, and terror;
4. Future lost wages and earning capacity;
5. Consequential damages to be proven at trial; and
6. Punitive Damages.

60.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of the Defendants, and one or more or all of the above-stated acts were the proximate causes of the injuries to Plaintiff.

61.

Plaintiff shows that as a result of the negligence of Defendants, the Plaintiff has

incurred the following medical expenses, to date only, for which the Defendants are liable:

| | | |
|---|---|---|
| i. | Grady Memorial Hospital | $ 72,053.41 |
| ii. | Ortho Sport and Spine Physicians | $ 10,235.89 |
| iii. | Team Rehabilitation PT | $ 4,655.00 |
| iv. | Elite Radiology of Georgia | $ 195.00 |
| | **Total to Date Only:** | **$ 87,139.30** |

## PUNITIVE DAMAGES

62.

Plaintiff re-alleges the allegations contained in paragraphs 1 through 61 above, as if fully set forth herein, and states as follows:

63.

Defendants knew, or should have known, that prior to the violent attack on Plaintiff, multiple crimes had occurred at or around the Premises within the prior years.

64.

Despite the foregoing, Defendants failed to increase, enhance, or properly maintain security measures at the Premises to reduce criminal activity on a year-to-year basis.

65.

Despite the foregoing, Defendants allocated monies within its budget away from security and toward other items aside from security, despite the criminal activity on and around the Premises on a year-to-year basis.

66.

Defendants acted with that willful misconduct, malice, fraud, oppression, wantonness and an entire want of care raising the presumption of a conscious indifference to the consequences of their conduct. Accordingly, Plaintiff is entitled to recover punitive

damages from Defendants, in accordance with the enlightened conscience of an impartial jury.

## ATTORNEY'S FEES

67.

Because Defendants' actions evince a species of bad faith, were and are stubbornly litigious, and has caused Plaintiff undue expense, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

WHEREFORE, Plaintiff prays for a judgment to be awarded to him and against the Defendants and for the following:

a. Process issue and Defendants be served as provided by law;

b. Plaintiff have a trial by jury;

c. Plaintiff be awarded actual damages, in amounts to be demonstrated at trial, from Defendants;

d. Plaintiff be awarded the full value of Plaintiff's loss in future lost wages and earning capacity;

e. Plaintiff be awarded all general, punitive, special, compensatory, incidental, consequential, and all other permissible damages in accordance with the enlightened consequence of an impartial jury;

f. Plaintiff be awarded attorneys' fees and cost of litigation in an amount which will be proven through the evidence at the time of trial;

    g. Plaintiff be awarded interests and costs; and

    h. Plaintiff be awarded such other relief as this Court deems just and proper.

**TRIAL BY JURY IS HEREBY DEMANDED.**

Respectfully submitted, this 26th day of August, 2024.

                                        **W. CALVIN SMITH II, P.C.**

                                        _____
                                        Jeremy E. Pineres
                                        Georgia Bar No. 488146
                                        W. Calvin Smith II
                                        Georgia Bar No. 664431
                                        *Attorneys for Plaintiffs*

W. CALVIN SMITH II, P.C.
3560 Lenox Road NE, Suite 3020
Atlanta, Georgia 30326
P: 404-842-0999
F: 404-836-3465
*Electronic Service: jpineres@calvinsmithlaw.com*